UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert W. Johnson

    v.                         Civil No. 23-cv-410-JL-AJ

Facebook, et al.

### REPORT AND RECOMMENDEDATION

Pro se plaintiff Robert W. Johnson, appearing in forma pauperis, filed a complaint (Doc. No. 1) against social media platform Facebook, former President Trump, Russian President Putin and approximately twenty other defendants.[1] Mr. Johnson's complaint is before the undersigned magistrate Judge for preliminary review. See LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

### Standard of Review

The magistrate judge conducts a preliminary review of pleadings, like Mr. Johnson's that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is

---

[1] In addition to Facebook and Presidents Trump and Putin, the defendants are Rudy Giuliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith, III, Robert Cheeley, Cathleen Latham, Scott Hall, Stephen Lee, Harrison Floyd, Trevian Kutti, Sidney Powell, Misty Hampton, Michael Roman, David Shafer, Shawn Still, Twitter, and Meta, LLC. A review of the federal PACER database shows that Mr. Johnson has filed nearly identical lawsuits in more than thirty Federal District Courts.

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Mr. Johnson, a resident of Buffalo, New York, asserts that "[a]ll defendants committed identity theft, fraud, U.S. constitutional violations, RICO acts and due process violations" against him. Compl. (Doc. No. 1) at 2. The complaint contains no factual allegations in support of these legal claims. Mr. Johnson seeks $100,000,000 in punitive damages and "100% ownership of defendants' assets . . . ." Id.

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The "short

2

and plain statement of the claim" must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct."  "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

The lack of a single factual allegation in Mr. Johnson's complaint as to who did what to him, when, and where, renders his complaint susceptible of dismissal because of his non-compliance with Rule 8(a)(2). See Educadores Puertorriqueños en Accion v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) ("in a[n] . . . action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why -- although why . . . mean[ing] the actor's state of mind, can be averred generally").  Moreover, the complaint is subject to dismissal for failure to state a claim for relief because the lack of factual support leaves the court unable "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## Conclusion

Based on the foregoing, the complaint (Doc. No. 1) should be dismissed without prejudice. Should the district judge adopt this recommendation and dismiss the complaint, plaintiff's motion for default judgment (Doc. No. 3) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

Dated: October 11, 2023

cc: Robert Johnson, pro se

4